CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE. VA
FILED

MAR 1 5 2010

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **ANDREW TIMOTHY JONES,** | ) | **Civil Action No. 7:10-cv-00093** |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **WARDEN TERRY O'BRIEN,** | ) | **By: Hon. James C. Turk** |
| **Respondent.** | ) | **Senior United States District Judge** |

Andrew Timothy Jones, a federal prisoner proceeding pro se, filed a petition for a writ of

habeas corpus, pursuant to 28 U.S.C. § 2241. Petitioner is currently incarcerated within this

district, and he challenges his conviction. This matter is before the court for preliminary review.[1]

After reviewing petitioner's submissions, the court dismisses the petition.

I.

Petitioner alleges the following facts. A jury in the Western District of North Carolina

convicted petitioner of four crimes: interference with commerce by robbery, in violation of 18

U.S.C. § 1951; two counts of possession of a firearm during and in relation to a crime of

violence, in violation of 18 U.S.C. § 924(c); and armed bank robbery and aiding and abetting the

same, in violation of 18 U.S.C. § 2113(d). United States v. Jones, No. 3:03-cr-00055 (W.D.N.C.

Jul. 22, 2005). The district judge sentenced petitioner to 300 months incarceration. Petitioner

appealed, and the Fourth Circuit Court of Appeals affirmed the district court. United States v.

Jones, No. 04-5702 (4th Cir. Sept. 28, 2006) (per curiam).

Petitioner subsequently filed a motion to vacate, set aside, or correct sentence, pursuant to

---

[1]Rule 4 of the Rules Governing § 2254 Proceedings in the United States District Courts permits the court to review a habeas petition to determine whether the petitioner is entitled to any relief, and if not, to dismiss the petition. See Rule 1(b) of the Rules Governing § 2254 Proceedings in the United States District Courts (stating district court can rely on the § 2254 Rules for § 2241 petitions).

28 U.S.C. § 2255, arguing counsel provided ineffective assistance. The United States District Court for the Western District of North Carolina denied his § 2255 motion, and the Fourth Circuit Court of Appeals dismissed his subsequent appeal.

Petitioner argues in the instant § 2241 petition that the law enforcement agencies are now "substantively changing" their eye-witness identification procedures and that he would not have been convicted if these changes had occurred before his prosecution. (Pet. 4.) Petitioner believes that counsel could have solicited expert testimony to establish his actual innocence. (Id.)

## II.

A § 2241 petitioner may seek judicial review of the execution of his sentence by filing a petition for a writ of habeas in the district court with jurisdiction over the facility in which he is confined and demonstrating that he is confined in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3); Rumsfeld v. Padilla, 542 U.S. 426, 447 (2004). A petitioner seeking to vacate his conviction or sentence must file a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255, in the district court where he was convicted and sentenced within one year of the date on which his conviction became final. 28 U.S.C. § 2255(a), (f).

Petitioner is not entitled to relief under § 2241 because he is actually attacking the jury's determination of guilt and the related criminal judgment entered by the United States District Court for the Western District of North Carolina. Motions under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless the remedy is inadequate or ineffective. In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). Therefore, a federal

inmate may not collaterally attack his sentence under § 2241 unless he demonstrates that the

remedy afforded by § 2255 is inadequate or ineffective to test the legality of his detention. Swain

v. Pressley, 430 U.S. 372, 381 (1977); In re Jones, 226 F.3d at 333. To demonstrate an

inadequate or ineffective remedy under § 2255 and proceed under § 2241, a petitioner must show

that:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court
> established the legality of the conviction; (2) subsequent to the prisoner's direct
> appeal and first § 2255 motion, the substantive law changed such that the conduct
> of which the prisoner was convicted is deemed not to be criminal; and (3) the
> prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule
> is not one of constitutional law.

In re Jones, 226 F.3d at 333-34. Significantly, a procedural impediment to § 2255 relief, such as

the statute of limitations or the rule against successive petitions, does not render § 2255 review

inadequate. In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997).

Petitioner fails to establish a change in either Supreme Court or Fourth Circuit

jurisprudence to support his argument. Petitioner's claims of changes in law enforcement

techniques for eye-witnesses to identify suspects in photo-lineups does not address a change in

the law.

Therefore, petitioner can not attack his sentence via § 2241, and the court construes his

§ 2241 petition as a § 2255 motion to vacate, set aside, or correct sentence. Although a petitioner

must file his § 2241 petition with the federal district court in the district where the petitioner is

incarcerated, a petitioner must file his § 2255 motion to vacate, set aside, or correct sentence with

the federal court that pronounced the judgment or sentence being challenged. Accordingly, this

court does not have jurisdiction to entertain petitioner's § 2255 motion because the court did not

enter petitioner's criminal judgment.

Petitioner also does not satisfy the <u>In re Jones</u> provisions because he may file a second § 2255 motion after receiving permission from the Fourth Circuit Court of Appeals. A district court may consider a second or successive § 2255 motion only upon specific certification from the Fourth Circuit Court of Appeals that the claims in the motion meet certain criteria. <u>See</u> § 2255(h). Petitioner acknowledges that he already filed a § 2255 motion regarding the same conviction. Thus, any additional § 2255 motions will be a second or subsequent one under § 2255(h). Accordingly, petitioner may not collaterally attack his criminal judgment by a § 2241 petition, and this court can not entertain a successive § 2255 motion.

### III.

For the foregoing reasons, the court dismisses petitioner's § 2241 petition, pursuant to <u>In re Jones</u>, 226 F.3d 328 (4th Cir. 2000), and 28 U.S.C. § 2255(h). Based upon the court's finding that the petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a certificate of appealability is denied.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the petitioner.

**ENTER**: This ___15th___ day of March, 2010.

_____
Senior United States District Judge